TRACY TRIBBETT
PACIFIC JUSTICE INSTITUTE
6404 THREE RIVERS DRIVE
PASCO, WA 99301
(509) 713-9868
TTRIBBETT@PJI.ORG

IN THE UNITED STATED DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE

| | |
|---|---|
| TYLER PARNELL AND BRIAN ROBILLARD<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF REDMOND, DOES 1-10,<br><br>Defendant. | Case No.: 2:23-cv-00425<br><br>COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND WASHINGTON LAW AGAINST DISCRIMINATION |

## **INTRODUCTION**

1.    Plaintiffs worked as  Civil Servant Firefighters for the City of Redmond (City). The City  required, under Governor Inslee's Proclamation 21-14 et seq., that all EMT/Paramedic Firefighters be vaccinated.  Plaintiffs each sought and obtained an exemption and accommodation from the vaccine requirement of the City on or about September 14, 2021. Thereafter, the Mayor rescinded the accommodation, and issued an order requiring the human resource department and the exempt EMT/Firefighters to, again, engage in an interactive accommodation

COMPLAINT- 1

process. The City then determined that an accommodation in the Plaintiff's current position would pose an undue burden upon the City. The City never communicated to Plaintiff what changes precipitated a need to re-examine the accommodations and why the previously agreed accommodations could no longer be afforded to Plaintiffs.

2.     The City adopted a hybrid disability/religious standard of accommodation burden to deny Plaintiff's request stating that the unvaccinated could not "perform the essential functions of their job" [as required under ADA law]. The City claimed that the Plaintiffs could not be "patient facing" while unvaccinated, and ,therefore, could not perform the essential functions of their job.

3.     Thereafter, the Union and the City bargained a Memorandum of Understanding which required vaccination of represented members.

4.     The City negotiated with the Union to bargain a Letter of Agreement (LOA) ear-marking 5 positions for exempt firefighters. This LOA was renegotiated in November 2021 and left 4 jobs intact for exempt firefighters. Ultimately, one of those four positions was filled with an unvaccinated firefighter.

5.     No other term or condition of employment was changed or negotiated as to the executed Collective Bargaining Agreement (CBA).  Neither the LOA nor MOU made any changes to the physical fitness or certification requirements of the jobs.

COMPLAINT- 2

6.    Ultimately the Chief, Adrian Shephard, terminated the Plaintiffs for failure to be physically fit and/or hold certification for the job for which [they] were hired. This was the "for-cause" reason for termination under RCW 41.12 and Redmond Municipal Code §10.14.

7.    The Plaintiff, as third-party beneficiary, is entitled to relief for breach of the contract. Article 30 and 31 outline specific terms as to Physical fitness and EMT Certification requirements. The City unilaterally changed the terms to the CBA Article 30 and 31.

8.    There is a five-fold dispute between the parties:

    a.  whether or not a failure to accommodate a civil servant who is exempt from the CV19 vaccine requirement makes that employee physically unfit?; and

    b.  Whether the Chief had the authority to assert a new physical fitness requirement or certification requirement under the CBA, LOA, or LOU terms.

    c.  whether a civil servant's sincere belief(s) which prevent(s) them from being vaccinated constitutes a failure to hold certification?

    d.  Whether the City's assertion that the Plaintiffs could not be patient facing and therefore could not perform the essential functions of their job is a

COMPLAINT- 3

misapplication of ADA law to Title VII religious accommodation requirements.

e. Whether the failure to accommodate is a violation of Title VII and WLAD?

## JURISDICTION AND VENUE
## PARTIES

9.     This Court has  original jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it arises under the laws of the United States, and presents a federal question, pursuant to 28 U.S.C. § 1343(a)(3)-(4). The Court also has jurisdiction under 42 U.S.C. §2000e5(f)(3). Venue is proper within this judicial district and division, pursuant to 28 U.S.C. § 1391(b), because the relevant events have occurred and are threatened to occur in this jurisdictional district and division. The Defendant is a municipality located in this district.

10.    This Court has supplemental and concurrent jurisdiction to hear State claims brought pursuant to 28 U.S.C. § 1367(a).

11.    Plaintiffs' claims for damages and declaratory relief are authorized by 28 U.S.C. §2201-02, Civil Rules 57 and 65, and the general legal and equitable powers of this Court, which empower this Court to grant the relief requested.

COMPLAINT- 4

12. Plaintiffs, Tyler Parnell and Brian Robillard, were employees of the City of Redmond at all times relevant herein. Plaintiffs are "employees" as defined under RCW §49.60.040(10) and 42 U.S.C. §2000e(f).

13. Defendant City of Redmond is a Washington municipality. The Redmond Fire Department is a department within the City. The City is an "employer" as defined in RCW §49.60.040(11) and 42 U.S.C. §2000e(b).

14. The true names and capacities, whether individual, corporate, associate, or otherwise, of Does 1-10, inclusive, are unknown to Plaintiffs at this time, who therefore sue said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is in some way responsible for, or participated in, or contributed to, the matters and things complained of herein, and is legally responsible in some manner. Plaintiffs will seek leave to amend this complaint when the true names, capacities, and responsibilities have been ascertained.

**STATEMENT OF FACTS**

15. Proclamation 21-14 et seq issued by Gov. Inslee required vaccination of various individuals in health-care and agency settings. Included in the proclamation were EMT and Firefighters under the broad classification of a health care provider. A copy of the Proclamation is incorporated in full and attached as Exhibit 1.

COMPLAINT- 5

16.     The City of Redmond implemented Proclamation 21-14 and engaged in an interactive process to determine if the Plaintiffs (and others) could be accommodated. The City exempted and accommodated Plaintiff on or about September 14, 2021. A copy of that executed form is incorporated in full and included as Exhibit 2.

17.     Thereafter, the Mayor issued an Order specifically targeting firefighter employees. Mayor Birney's Order revoked the previous accommodation(s) and sent the parties "back to the drawing board" to engage in an accommodation process, again, and determine if the same  requests could be afforded by Redmond. The second time, all firefighter employees were denied an accommodation. The City provided no evidence or proof that there was a change in circumstances making the accommodation(s) an undue burden or greater than de minimus cost to the City. The Mayoral Order is attached as Exhibit 3 and incorporated by reference in full.

18.     The terms of employment had been previously negotiated in the Contract Bargaining Agreement (CBA) for the 2020-2023 term. This CBA is incorporated in full and attached as Exhibit 4.

19.     Following the revocation of the accommodations the Union and the City agreed on vaccination as a requirement in a Memorandum of Understanding (MOU) incorporated in full attached hereto as Exhibit 5.

COMPLAINT- 6

20.     Additionally, the City and Union settled upon two letters of agreement (LOAs) which carved out five, then four, positions for unvaccinated firefighters. These are incorporated in full and attached hereto as  Exhibits 6 and 7.

21.     At all times relevant hereto, Plaintiffs were employed by the City of Redmond (City) as firefighters (FFs) (prior to and through the pandemic) until October 18, 2021; and  performed and were capable of performing the functions of [their] jobs dutifully with no complaints, discipline, or other unfavorable marks on [their] record.

22.     The re-examination of the request for religious accommodation was denied and Plaintiffs were sent a "Notice of Intent to Terminate" letter after engaging in the protected activity. The Plaintiffs were informed by the Chief they were not certified nor were they physically fit to perform their jobs.

23.     Plaintiffs held EMT licenses up to and through termination. A copy of said licenses are attached as Exhibit 8. This license is the only certification/license required of a FF.

24.     The "Notice of Intent to Terminate" was the first time Plaintiff was made aware of a change to the CBA which included new terms to the physical fitness and certification requirements. A copy of the notice is included as Exhibit 9.

25.     Plaintiffs were firefighters until they were terminated on April 4, 2022. There were no physical fitness changes to the Collective Bargain Agreement nor

COMPLAINT- 7

any changes regarding physical fitness or certification mentioned in the LOU or LOA.

26. In the letter terminating Plaintiff the reason stated was: failure to be physically fit to perform the essential functions of [your] job, and failure to hold certification [required] for your job. These are items "a" and "n" on the for-cause termination list outlined in the Redmond Municipal Code which mirrors RCW 41.08.080.

27. Under those sections of Code civil servants cannot be terminated unless there is a for-cause reason from a list which has been codified in the above-mentioned chapter and section.

28. After asserting a need for a religious exemption and accommodation Plaintiff suffered an adverse employment action. The City terminated Plaintiff for being physically unfit and failing to hold certification. But for the City failing to reasonably accommodate the sincerely held religious belief against SARS-CoV19 (CV19) vaccination Plaintiffs would not have been unfit/uncertificated. The City engaged in a course of conduct that materially and adversely affected the terms, conditions, or privileges of the Plaintiff's employment. As such, the Plaintiffs suffered the adverse employment action of discrimination including conduct that impaired Plaintiff's employment, job record, and prospect for advancement.

COMPLAINT- 8

29.     Plaintiffs exhausted and satisfied administrative remedies. Included by reference and incorporated in the entirety is the Right to Sue letter issued from the EEOC, Exhibit 10.

30.     Plaintiffs also filed tort claims against the City of Redmond. A copy of said form is attached to this complaint and incorporated by reference as Exhibit 11.

**<u>FIRST CAUSE OF ACTION</u>**
FAILURE TO ACCOMMODATE
**Violation of Title VII of the Civil Rights Act of 1964
[42 U.S.C. §2000e et seq.]
As Against City of Redmond**

31.     Plaintiffs hereby incorporate and reallege the preceding paragraphs as if fully set forth herein.

32.     At all times relevant hereto, Title VII was in full force and effect and was legally binding on the City of Redmond. At all times relevant hereto,  Plaintiffs were performing competently in the positions held with the City of Redmond Fire Department.

33.     Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., makes it an unlawful employment practice to fail to reasonably accommodate the religious beliefs and practices of an employee.

COMPLAINT- 9

34.   The City failed to provide reasonable alternative means of accommodation to the religious beliefs or observance that is in conflict with the work requirement, i.e., COVID-19 vaccination.

35.   The City cannot prove an undue burden in accommodating the request(s) of Plaintiffs.

36.   There is a dispute as between the parties. The City asserts that the Plaintiffs are physically unfit because the essential functions of the job cannot be performed while unvaccinated, and, further, that Plaintiffs do not hold certification for their job due to their sincerely held religious beliefs requiring accommodation. The Plaintiff asserts that he is physically fit and holds the proper certificate required by law, but-for the City failing to reasonably accommodate him.

**SECOND CAUSE OF ACTION**
Failure to accommodate, adverse employment action
**Violation of Washington Law Against Discrimination**
**RCW §49.60**
**As against City of Redmond**

37.   Plaintiffs hereby reallege and incorporate the preceding facts as if fully set forth herein.

38.   At all times relevant hereto , WLAD was in full force and effect and was binding on the City of Redmond.

39.   The Plaintiff informed the City of the belief which conflicted with the vaccination policy.

COMPLAINT- 10

40. The City acknowledged the sincerity of the belief and exempted the Plaintiff from the CV19 vaccine policy, but failed to reasonably accommodate Plaintiff and took adverse employment action in violation of the law when they terminated Plaintiffs' employment on the basis of physical unfitness and failure to hold certifications.

41. The Plaintiffs had a bona fide religious belief that prevent(s) them from obtaining the CV19 vaccine, Plaintiffs notified Defendants of the conflict, Defendants knew that Plaintiff had engaged in protected conduct and failed to reasonably accommodate the Plaintiffs. Defendants then terminated Plaintiffs.

42. The protected status of Plaintiffs was a substantial motivating factor in the termination of Plaintiffs.

43. Defendants asserted that Plaintiffs: "Could not perform the essential functions of their job." This is an ADA standard which is inapplicable to WLAD accommodation requirements and precedent.

44. There is a two-fold justiciable dispute between the parties: 1. whether a failure to reasonably accommodate by the employer can be imputed to an ADA standard of "inability to perform the essential functions of the job" , 2. and whether the accommodation(s) requested posed an undue burden on the City, and, if so, can that burden be the premise of asserting that an FF fails to be physically fit and certificated.

COMPLAINT- 11

# THIRD CAUSE OF ACTION
**Breach of Contract**
**As against City of Redmond**

45. Plaintiff, via their union representation, and Defendant had executed the CBA for the year(s) 2020-2023. Exhibit 4

46. Plaintiff was terminated without full payment of said contract due to the City inserting new terms and conditions to the contract without having negotiated new terms and conditions properly. The LOA and MOU do not speak to new physical fitness and certification requirements.

47. Defendant failed to perform in the form of payment to Plaintiff.

48. Plaintiff was harmed by nonpayment of the contract balance and failure of Defendant to perform.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray the Court grant relief as follows:

A.      Award Plaintiffs for actual, consequential and incidental financial losses, including, but not limited to loss of backpay, benefits, and other compensation plus interest;

B.      Award Plaintiffs compensatory damages

C.      Award Plaintiff other and further compensatory damages in an amount according to proof;

D.      De novo review of the failure to accommodate.

COMPLAINT- 12

E.      De novo review of Chief's for-cause termination on the basis of physical unfitness where the City failed to reasonably accommodate Plaintiff.

F.      Issue declaratory relief in the form of a statement that City of Redmond erred when it terminated Plaintiff on the basis of  physically unfitness for duty and failure to hold certification required for the job in violation of the terms of the contract (CBA).

G.      Declaratory relief that a faith-based person who cannot be vaccinated cannot unilaterally be deemed physically unfit or lacking certification for the firefighting profession. Such constitutes a violation of Title VII and WLAD.

H.      Declaratory relief that the termination of Plaintiff by Chief Adrian Shephard violated the CBA.

I.      Declaratory relief that Plaintiffs were able to perform the essential functions of their job but-for Redmond's failure to accommodate.

J.      Require full payment of the contract including lost benefits which would have accrued.

Dated this 20 day  of March, 2023.

s/ *Tracy Tribbett*
Tracy Tribbett, WSBA #35922
ttribbett@pji.org
509-713-9868
6404 Three Rivers Drive

COMPLAINT- 13

Pasco, WA 99301

COMPLAINT- 14